UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BESS<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:17-cv-00173-TLN-KJN<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 4.) Plaintiff Kevin Bess ("Plaintiff") opposes the motion. (ECF No. 9.) Defendant has filed a reply. (ECF No. 10.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 4).

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he was employed by Sacramento Job Corps Center ("SJCC") from May 1994 until March 26, 2015 as a Career Transition and Safety Officer. (ECF No. 1 ¶¶ 1, 9.) Plaintiff alleges he worked in this capacity for multiple managing corporations of SJCC, including Horizon's Youth Services and Defendant when it began managing SJCC in 2014. (ECF No. 1 ¶ 3, 9, 12.) Plaintiff states he is an African-American, over age 50, who was also a member of his labor union, the California Federation of Teachers Union ("CFT"). (ECF No. 1 ¶¶ 11.)

Plaintiff alleges he had no disciplinary history and worked "with the support and praise of his supervisors." (ECF No. 1 ¶ 10.) Plaintiff also alleges he "received a rating of excellent and exceeds expectations in all categories" on his last evaluation. (ECF No. 1 ¶ 10.) Plaintiff alleges he received many awards including "the Center Directors Award, employee of the month numerous times, employee of the quarter, and was second runner up for employee of the year" and that he "was nominated for employee of the month in January 2015." (ECF No. 1 ¶ 10.)

Plaintiff alleges Defendant terminated his employment on March 26, 2015, while he was on medical leave. (ECF No. 1 ¶ 13.) Plaintiff alleges Defendant's stated reasons for terminating him were two documentation errors, both of which were made by people other than Plaintiff. (ECF No. 1 ¶ 14, 16–17.) Plaintiff alleges that both errors were corrected, one in the presence of Kelly McGillis ("McGillis"), a higher-level employee of Defendant. (ECF No. 1 ¶¶ 15, 18.)

Regarding the first error, Plaintiff alleges Defendant claimed "there was documentation of fraudulent former enrollee placement verification, when in fact the employer had mistakenly attached the wrong business card to the verification form." (ECF No. 1 ¶ 14.) Plaintiff further alleges that when McGillis asked him about this verification, "Plaintiff called the employer while in [McGillis'] presence, handled the mix up, and then went back out to the employer to receive the verification form with the correct business card attached." (ECF No. 1 ¶ 15.) Plaintiff alleges "[t]here was no fraud, only a simple mix up with the documents." (ECF No. 1 ¶ 15.)

Regarding the second error, Plaintiff alleges Defendant claimed the Department of Labor ("DOL") disqualified a high number of Plaintiff's placements. (ECF No. 1 ¶ 16.) Plaintiff alleges, however, both McGillis and Plaintiff's supervisor approved the placements. (ECF No. 1

2

¶ 16.) Further, Plaintiff alleges DOL disqualified the placements because the employer who hired the placements allowed his business license to expire. (ECF No. 1 ¶ 16.) Plaintiff alleges he "notified the employer of this problem and the employer renewed his license and held a valid business license at the time of Plaintiff's termination." (ECF No. 1 ¶ 16.)

Plaintiff alleges he suspects Defendant's stated reasons for terminating him were pretext for discrimination based on Plaintiff's age, race, and union affiliation. (ECF No. 1 ¶ 19.) Plaintiff filed suit in this Court on the basis of diversity jurisdiction, alleging violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) age and race discrimination in violation of California Government Code § 12940(a); (ii) wrongful termination in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) failure to prevent discrimination; and (v) intentional infliction of emotional distress. (ECF No. 1 at 4–10.) Defendant moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 4.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

///

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the

court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

### III. ANALYSIS

Defendant argues Plaintiff fails to plead sufficient facts to support any of his claims. (ECF No. 4 at 2, 4.) The Court will discuss each claim in turn.

#### A. Discrimination in Violation of California Government Code § 12940(a)

Plaintiff alleges he was an African-American, over the age of 40, who was qualified and capable of performing his job duties. (ECF No. 1 ¶¶ 22–23, 30–31.) Defendant moves to dismiss Plaintiff's FEHA claims for discrimination based on his age and race, arguing Plaintiff's pleadings are conclusory and "offer only suspicions" and "formulaic recitation of the required elements" rather than facts sufficient to support his claims. (ECF No. 4 at 5–6.) Plaintiff states the factual allegations in his complaint are sufficient to support his claims. (ECF No. 9 at 5–6.)

FEHA prohibits an employer from discriminating against an employee because of age or race. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, No. 116-CV-01705-DAD-SKO, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). "A plaintiff need not plead facts constituting all the elements of a prima facie case of employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss," however, courts analyze those elements when deciding whether the plaintiff alleges sufficient facts to state a plausible claim. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).

A plaintiff can demonstrate the employer acted with a discriminatory motive by direct or circumstantial evidence. *Achal*, 114 F. Supp. 3d at 801 (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998). A plaintiff may show "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the

adverse employment action give rise to an inference of discrimination." *Id.* at 800. Circumstantial evidence of discrimination "tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." *Id.* at 801.

"Generally in cases involving affirmative adverse employment actions, pretext may be demonstrated by showing the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." *Soria v. Univision Radio L.A., Inc.*, 5 Cal. App. 5th 570, 594 (2016), *rev. den.* (Mar. 1, 2017) (internal quotation marks omitted). "Pretext may [] be inferred from the timing of the company's termination decision, by the identity of the person making the decision, and by the terminated employee's job performance before the termination." *Id.* (internal quotation marks omitted). "However, simply showing the employer was lying, without some evidence of discriminatory motive, is not enough to infer discriminatory animus. 'The pertinent [FEHA] statutes do not prohibit lying, they prohibit discrimination.'" *Id.* (quoting *Guz*, 24 Cal. 4th at 361).

Plaintiff alleges Defendant discriminated against him by terminating his employment due to his age and race and cited two errors made by others as pretext for his discriminatory termination. (ECF No. 1 ¶¶ 19, 23, 31.) One way a plaintiff may demonstrate pretext is by showing the reason proffered by the defendant had no basis in fact. *Soria*, 5 Cal. App. 5th at 594. The court in *Achal* found the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for disability fraud for causing the accident which lead to his disability, but the defendant never investigated whether he caused the accident and there was no question as to the plaintiff's satisfactory job performance. *Achal*, 114 F. Supp. 3d at 797–98. Here, Plaintiff alleges facts showing Defendant stated it terminated him based on two errors related to client placements, but hiring employers made both errors not Plaintiff. (ECF No. 1 ¶¶ 14–18.) Plaintiff also alleges facts showing Defendant knew this — in one case the issue was sorted with McGillis in the room, and in the other the employer renewed his business license — yet Defendant cited the errors as its reason for terminating Plaintiff. (ECF No. 1 ¶¶ 14–18.) Unlike *Achal*, Plaintiff alleges Defendant did investigate the errors, and through the investigation Defendant learned Plaintiff was not at fault, yet still used the errors as reasons for terminating

6

him.  Drawing all inferences in his favor, Plaintiff's factual allegations are sufficient, for the purposes of this motion, to give rise to the plausible inference Defendant's reason was pretext.

A plaintiff alleging discrimination under FEHA must show the employer acted with a discriminatory motive.  *Ayala*, 2017 WL 2833401, at *7.  "[S]imply showing the employer was lying, without some evidence of discriminatory motive, is not enough to infer discriminatory animus."  *Soria*, 5 Cal. App. 5th at 594.  Although Plaintiff speculates Defendant terminated him because of his age and race, Plaintiff has not alleged any facts connecting his age or race to Defendant's decision.  Plaintiff's allegation Defendant acted because of his age and race is a recitation of an element.  *See Iqbal*, 556 U.S. at 678.  Plaintiff has not alleged Defendant treated differently other employees who were different ages or races than Plaintiff.  *Cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the plaintiff stated a case for failure to promote by showing that rather than filling the position by promoting any interviewees, [the employer] transferred a white manager into the position).  Plaintiff has not alleged Defendant made negative comments about his age or race or replaced him with an employee who was a different race or younger.  *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion).  Plaintiff's allegations do not give rise to a plausible inference Defendant acted because of his age or race.  *Achal*, 114 F. Supp. 3d at 798.

Because Plaintiff has not alleged facts sufficient to support a plausible inference of discriminatory motive in relation to his age or race discrimination claims, the Court need not analyze the other elements.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's discrimination claims based on age and race.

    B.    <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff alleges Defendant wrongfully terminated him in violation of public policy "on account of his age, race, and union affiliation."  (ECF No. 1 ¶ 40.)  Defendant argues Plaintiff's claim related to his union membership is preempted and the remainder of his claim is conclusory and premised on a deficient discrimination claim.  (ECF No. 4 at 7–8.)

### i. *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)-(3).

Plaintiff's claim for wrongful termination based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had mixed motives for firing him, and *Garmon* preemption should not apply to his *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 9 at 7–8) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on mixed motives, if some motives were not even arguably unrelated to unfair labor practices).

Plaintiff's claims for failure to hire based on age or race are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" that NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy based on Plaintiff's age or race is not preempted.

///

### ii. Pleading Adequacy of Plaintiff's Wrongful Termination

Defendant argues, to the extent Plaintiff's failure to hire claim is not preempted, it fails because it is premised on deficient discrimination claims. (ECF No. 4 at 8.) Plaintiff states he has pled sufficient facts throughout his complaint to show the reasons given for his termination were pretext and the termination was based on his protected characteristics. (ECF No. 9 at 6.)

"The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient allegations to support claims for age or race discrimination, therefore Plaintiff's derivative claim for wrongful termination in violation of public policy based on age or race discrimination fails. *See Tumblin v. USA Waste of California, Inc.*, No. CV 16-2902 DSF-PLAX, 2016 WL 3922044, at *8 (C.D. Cal. 2016). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's wrongful termination claim.

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges he engaged in "such protected activities as being an African American over the age of 40" and being "an active member of the CFT union." (ECF No. 1 ¶¶ 49–50.) Plaintiff alleges Defendant terminated his employment because of those alleged protected activities. (ECF No. 1 ¶¶ 49–50.) Defendant argues Plaintiff failed to show causation between Plaintiff's termination and any protected activity. (ECF No. 4 at 8–9.) Plaintiff states the facts alleged throughout "provide sufficient detail to support" this cause of action. (ECF No. 9 at 9.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege he engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Because Plaintiff has not alleged facts sufficient to support the first element of his retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim.

D. Failure to Prevent Discrimination

Plaintiff alleges Defendant violated public policy by "terminating Plaintiff's employment on account of his protected characteristics, including his union affiliation." (ECF No. 1 ¶ 62.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 4 at 9–11.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 4 at 10.) Plaintiff states FEHA gives private litigants a cause of action for failure to prevent discrimination, though Plaintiff does not address Defendant's argument regarding stand-alone claims. (ECF No. 9 at 10.)

As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age or race, so Plaintiff's derivative claim for failure to prevent discrimination fails. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1318 (2015), *as modified on denial of reh'g* (Mar. 24, 2015), *review denied* (June 17, 2015) ("There cannot be a claim for failure to take reasonable steps necessary to prevent sex discrimination under section 12940, subdivision (k) if actionable sex discrimination has not been found."). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's failure to prevent discrimination claim.

E. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics but wrongfully terminated Plaintiff "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 1 ¶¶ 69–70.) Defendant argues Plaintiff's claim fails as a

matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which cannot constitute "extreme and outrageous conduct," a required element of this claim. (ECF No. 4 at 11-12.) Plaintiff argues Defendant based Plaintiff's termination on errors "which were resolved with minor paperwork," prior to Plaintiff's termination, and this constitutes "outrageous" conduct. (ECF No. 9 at 11.) Defendant replies Plaintiff cited no legal authority for this position and had not provided facts to support the precedent he does cite. (ECF No. 10 at 9.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.*, 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant wrongfully terminated him despite Defendant's knowledge of Plaintiff's "protected characteristics." (ECF No. 1 ¶ 70.) Plaintiff has not alleged any facts outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a firing decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

///

Plaintiff alleges Defendant relied on performance errors to fire Plaintiff even though those errors were made by other people who gave incorrect information to Plaintiff or were corrected with minor paperwork corrections prior to Plaintiff's termination. (ECF No. 1 ¶ 17; ECF No. 9 at 11.) Plaintiff argues Defendant's conduct of basing Plaintiff's termination on inaccurate information or errors that were resolved quickly constitutes "behavior in the workplace which may be considered 'outrageous.'" (ECF No. 9 at 11.) Plaintiff, however, does not cite any legal authority for his argument.

Plaintiff cites *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 (1987), stating workplace behavior may be "outrageous" if "a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." (ECF No. 9 at 11) (citing *id.* at n.7). As Defendant notes, Plaintiff does not allege Defendant abused a relation or position of power over Plaintiff, does not allege Defendant knew Plaintiff was susceptible to injury through mental distress or even that he was susceptible to that injury, and does not allege Defendant acted intentionally or unreasonably with the recognition that Defendant's acts were likely to result in illness through mental distress. (ECF No. 10 at 9.) Plaintiff does not allege facts to support his argument Defendant's conduct constituted "outrageous" behavior under the standard in *Cole*.

Plaintiff has not alleged any facts outside the employment and supervisory duties which cannot constitute extreme and outrageous conduct. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's intentional infliction of emotional distress claim.

**IV.    LEAVE TO AMEND**

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff has not previously amended his complaint and the Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 4) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order

IT IS SO ORDERED.

Dated: December 4, 2017

Troy L. Nunley
United States District Judge