UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BESS<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:17-cv-00173-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 15.) Plaintiff Kevin Bess ("Plaintiff") opposes the motion. (ECF No. 16.) Defendant has filed a reply. (ECF No. 18.) For the reasons discussed below, the Court hereby grants Defendant's Motion to Dismiss, (ECF No. 15).

///
///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he was employed by Sacramento Job Corps Center ("SJCC") from May 1994 until March 26, 2015, as a Career Transition and Safety Officer. (ECF No. 14 ¶¶ 1, 10.) Plaintiff alleges he worked in this capacity for multiple managing corporations of SJCC, including Horizon's Youth Services and Defendant when it began managing SJCC in 2014. (ECF No. 14 ¶¶ 10, 13.) Plaintiff states he is an African-American, over age 50, who was also a member of the California Federation of Teachers Union ("CFT"). (ECF No. 14 ¶ 12.)

Plaintiff alleges he had no disciplinary history and worked "with the support and praise of his supervisors." (ECF No. 14 ¶ 11.) Plaintiff also alleges he "received a rating of excellent and exceeds expectations in all categories" on his last evaluation. (ECF No. 14 ¶ 11.) Plaintiff alleges he received many awards including "the Center Directors Award, employee of the month numerous times, employee of the quarter, and was second runner up for employee of the year" and that he "was nominated for employee of the month in January 2015." (ECF No. 14 ¶ 15.)

Plaintiff alleges Defendant terminated his employment on March 26, 2015, while he was on medical leave. (ECF No. 14 ¶ 16.) Plaintiff alleges Defendant's stated reasons for terminating him were two documentation errors, both of which were made by people other than Plaintiff. (ECF No. 14 ¶¶ 17–21, 25.) Plaintiff alleges that both errors were corrected, one in the presence of Kelly McGillis ("McGillis"), a higher-level employee of Defendant. (ECF No. 14 ¶¶ 21, 26.)

Regarding the first error, Plaintiff alleges Defendant claimed "there was documentation of fraudulent former enrollee placement verification, when in fact the employer had mistakenly attached the wrong business card to the verification form." (ECF No. 14 ¶ 19.) Plaintiff further alleges that when McGillis asked him about this verification, "Plaintiff called the employer while in [McGillis'] presence, handled the mix up, and then went back out to the employer to receive the verification form with the correct business card attached." (ECF No. 14 ¶ 21.) Plaintiff alleges "[t]here was no fraud, only a simple mix up with the documents." (ECF No. 14 ¶ 23.)

Regarding the second error, Plaintiff alleges Defendant claimed the Department of Labor ("DOL") disqualified a high number of Plaintiff's placements. (ECF No. 14 ¶ 24.) Plaintiff alleges, however, both McGillis and Plaintiff's supervisor approved the placements. (ECF No. 14

¶ 25.) Further, Plaintiff alleges DOL disqualified the placements because the employer who hired the placements had an expired business license. (ECF No. 14 ¶ 25.) Plaintiff alleges he "notified the employer of this problem and the employer renewed his license and held a valid business license at the time of Plaintiff's termination." (ECF No. 14 ¶ 26.)

Plaintiff alleges Defendant cited these errors as a reason for his termination despite knowing "that there was no ongoing problem" because both errors had been fixed. (ECF No. 14 ¶ 28.) Plaintiff alleges he requested an "immediate review of his termination." (ECF No. 14 ¶ 32.) Plaintiff alleges "similar errors by younger, white employees in fulfilling their reporting and paperwork with the Department of Labor was not used as a basis for reprimand or termination." (ECF No. 14 ¶ 39.) Plaintiff alleges he is aware of "a similarly situated, non-African American/younger employee had faced accusations that he committed the same violation, yet the other employee was not terminated." (ECF No. 14 ¶ 30.)

Plaintiff alleges he reported concerns of workplace discrimination to Defendant in three ways, a March 27, 2015, letter he wrote to Defendant, an administrative complaint, and the instant suit. (ECF No. 14 ¶ 36.) Plaintiff alleges he wrote to Defendant on March 27, 2015, and stated he had been in contact with other former employees and they believed they had been unjustly terminated, and that Defendant believed this was a pattern at SJCC. (ECF No. 14 ¶¶ 29, 34.) Plaintiff alleges he reported in the latter that he believed "employees were being treated disparately and being denied their rights, through termination and denial of reinstatement based on fraudulent accusations, based on their protected classifications." (ECF No. 14 ¶ 31.) Plaintiff alleges he cited as an example, McGillis, "a younger white employee of Defendant [], [who] was responsible for signing off on the documentation errors for which he was questioned, yet he was never made aware of any discipline, reprimand, or adverse employment action taken against her when the error was discovered." (ECF No. 14 ¶ 38.) Plaintiff alleges he filed a discrimination complaint in July 2015 with the Department of Fair Employment and Housing. (ECF No. 14 ¶ 9.)

The Court previously granted Defendant's motion to dismiss, with leave to amend. (ECF No. 13.) Defendant now moves to dismiss Plaintiff's first amended complaint. (ECF No. 15.)

///

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

**III. ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts. (ECF No. 15 at 5.)

A. <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against him because of his race and age. (ECF No. 14 ¶¶ 47–48, 57–58.) FEHA prohibits an employer from discriminating against an employee because of age or race. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) he was a member of a protected class; (ii) he was performing competently in the position he held; (iii) he suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at \*7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). "A plaintiff need not plead

facts constituting all the elements of a prima facie case of employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss," however, courts analyze those elements when deciding whether the plaintiff alleges sufficient facts to state a plausible claim. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 796–97 (N.D. Cal. July 14, 2015).

Plaintiff alleges he is an African American who is over age 40, (ECF No. 14 ¶¶ 47–48, 57–58), and so alleges he is a member of a protected group. *Williams v. Edward Apffels Coffee Co.*, 792 F.2d 1482, 1487–88 (9th Cir. 1986) (stating an African American plaintiff over forty years old alleging discrimination based on race and age was "clearly within a protected group").

Plaintiff alleges he was employed at SJCC for over 20 years, from 1994 until March 26, 2015. (ECF No. 14 ¶¶ 10, 13, 16.) Plaintiff alleges he had no write-ups, warnings, or disciplinary problems and that he "received a rating of excellent and exceeds expectations in all categories" on "his last employee evaluation." (ECF No. 14 ¶ 11.) Plaintiff alleges he "received a positive staff evaluation which recommended his retention as an employee" on June 10, 2014. (ECF No. 14 ¶ 14.) Plaintiff alleges he received awards over the years including the "Center Directors Award, employee of the month numerous times, employee of the quarter, and was second runner up for employee of the year." (ECF No. 14 ¶ 15.) Plaintiff alleges he "was nominated for employee of the month in January 2015." (ECF No. 14 ¶ 15.) Plaintiff has alleged he was performing competently in his position and has satisfied the second prong. *See Achal*, 114 F. Supp. 3d at 801 (finding the plaintiff's factual allegations sufficient where he was "in good standing" with his employer and there was "never any question" as to his performance).

Plaintiff alleges Defendant fired him from his employment, (ECF No. 14 ¶ 16), and satisfies the third prong. *Achal*, 114 F. Supp. 3d at 798 (finding the plaintiff suffered an adverse employment action when the defendant terminated his employment).

The fourth prong requires Plaintiff to allege facts sufficient to give rise to the plausible inference Defendant acted with a discriminatory motive. *Achal*, 114 F. Supp. 3d at 800–01 "Generally in cases involving affirmative adverse employment actions, pretext may be demonstrated by showing the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge."

6

*Soria v. Univision Radio L.A., Inc.*, 5 Cal. App. 5th 570, 594 (2016), *rev. den.* (Mar. 1, 2017) (internal quotation marks omitted). "However, simply showing the employer was lying, without some evidence of discriminatory motive, is not enough to infer discriminatory animus. 'The pertinent [FEHA] statutes do not prohibit lying, they prohibit discrimination.'" *Id*. (quoting *Guz*, 24 Cal. 4th at 361).

This Court has already determined Plaintiff's factual allegations are sufficient for the purposes of this motion to give rise to the plausible inference Defendant's reason for terminating his employment was pretext. (ECF No. 13 at 6–7) (noting Plaintiff alleges facts showing he had a good employment record of twenty years in his job and Defendant stated it was terminating Plaintiff's employment based on two errors related to client placements, but Defendant knew employers made both errors rather than Plaintiff and both errors had been corrected).

A plaintiff alleging discrimination under FEHA must also show the employer acted with a discriminatory motive. *Ayala*, 2017 WL 2833401, at *7. "[S]imply showing the employer was lying, without some evidence of discriminatory motive, is not enough to infer discriminatory animus." *Soria*, 5 Cal. App. 5th at 594. Here, Plaintiff does not allege facts linking his termination after positive performance reviews with his membership in a protected class. While these allegations are sufficient at this stage for the Court to infer pretext, without a link to his protected characteristics, they are not sufficient for the Court to infer a discriminatory motive. "[A]n inference of intentional discrimination cannot be drawn solely from evidence, if any, that the company lied about its reasons." *Guz*, 24 Cal. 4th at 360. The facts must be sufficient to "permit a rational inference that the employer's actual motive was discriminatory." *Id*.

In contrast, the court in *Soria* found Soria's final performance review provided evidence of both pretext and discrimination, in part, because it conflicted with the defendant's statements on a subject directly related to Soria's protected activity, her treatment for her medical condition. *Soria*, 5 Cal. App. 5th at 596. The defendant stated it fired Soria because she had been tardy multiple times that year due to traffic or travel, and she arrived shortly before her radio program was scheduled to begin, which led to lack of preparation for her show and poor-quality content. *Id*. at 594–95. The defendant's employees, however, testified Soria had been consistently late

7

two to three times a week for the previous 10 years, not just prior to her termination. *Id*. at 596. Further, Soria received positive performance reviews, had never been disciplined, survived two rounds of layoffs, was rated as "always prepared," and the only negative comment she received about spending more time on show prep was mitigated by statements on her review that she had achieved that objective. *Id*. at 596–97. Importantly, it was undisputed Soria was late or absent several times during her last months of employment for medical appointments related to her tumor. *Id*. at 595–96. The *Soria* court concluded a reasonable inference could be drawn that some of the tardiness the defendant's managers observed those months was due to Soria's medical appointments, and that she had been "improperly terminated, at least in part, as a direct result of protected activity." *Id*. Unlike Soria, Plaintiff does not link his termination or performance reviews with his membership in a protected class.

Plaintiff also argues he was treated differently than employees who were younger than Plaintiff or of different races and that this shows Defendant's discriminatory intent. (ECF No. 16 at 10.) A plaintiff can demonstrate the employer acted with a discriminatory motive by direct or circumstantial evidence. *Achal*, 114 F. Supp. 3d at 801 (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998)). A plaintiff may show "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Id.* at 800.

"[I]ndividuals are similarly situated when they have similar jobs and display similar conduct…Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004); *Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1164 (C.D. Cal. 2013) (stating, "[g]enerally, a supervisor and a lower-level employee are not similarly situated").

Plaintiff alleges a manager, McGillis, "a younger white employee," approved the client placements, but did not suffer any adverse employment action. (ECF No. 14 ¶ 38.) Plaintiff describes McGillis as a Deputy Director. (ECF No. 14 ¶ 18.) Plaintiff was a Career Transition and Safety Officer and a lower-level employee than McGillis in the SJCC hierarchy. (ECF No. 14 ¶¶ 10.) Accordingly, McGillis is not similarly situated to Plaintiff. *Vasquez*, 349 F.3d at 64.

8

Plaintiff alleges he is "aware" "a similarly situated, non-African American/younger employee had faced accusations that he committed the same violation, yet the other employee was not terminated." (ECF No. 14 ¶ 38.) While a court accepts a plaintiff's factual allegations as true in deciding a motion to dismiss, it does not assume the truth of a plaintiff's legal conclusions or labels. *Cruz*, 405 U.S. at 322; *Twombly*, 550 U.S. at 555. Plaintiff's statement that he is "aware" another employee was "similarly situated" is not a factual allegation, it is speculation and conclusion. It is for the Court to draw a conclusion or inference, from facts alleged by Plaintiff, about whether another employee was "similarly situated" to Plaintiff. Accordingly, the Court cannot assume the truth of Plaintiff's speculation and conclusions.

Finally, Plaintiff alleges he "reasonably believes" that "reports of similar errors by younger, white employees in fulfilling their reporting and paperwork with the Department of Labor was not used as a basis for reprimand or termination." (ECF No. 14 ¶ 39.) A plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. Plaintiff's statement here is speculation not factual allegation. He does not allege facts about employees who committed the same error Plaintiff did, or even about employees who committed other errors. Instead, he alleges he "reasonably believes" that there were reports of some errors and those reports may not have been used as a basis for reprimand. Accordingly, this statement is not sufficient for the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678–79.

While Plaintiff's factual allegations are sufficient for the purposes of this motion to give rise to the plausible inference of pretext, they are not sufficient for the Court to infer Defendant acted with a discriminatory motive. *Ravel*, 228 F. Supp. 3d at 1099. The Court cannot state, however, that Plaintiff's complaint "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009). Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's discrimination claims based on age and race, with leave for Plaintiff to amend.

///

### B. Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated him "on account of his age and race." (ECF No. 14 ¶ 68.) To state a claim for wrongful termination in violation of public policy, a plaintiff must plead: "(1) the existence of an employer-employee relationship; (2) termination of the employee's employment; (3) a 'nexus' between the termination and the employee's protected activity; (4) legal causation; and (5) damage to the employee." *Wright v. Thrifty Payless, Inc.*, 2013 WL 5718937, at *5 (E.D. Cal. Oct. 15, 2013). These claims "generally fall into one of four categories: the employee was terminated because (1) he refused to violate a statute; (2) he performed a statutory obligation; (3) he exercised a constitutional or statutory right or privilege; or (4) he reported a statutory violation for the public's benefit." *Keshe v. CVS Pharmacy Inc.*, 2016 WL 1367702, at *4 (C.D. Cal. Apr. 5, 2016).

Plaintiff has not alleged facts sufficient to state a claim under FEHA for discrimination based on his age and race, so Plaintiff's derivative claim for wrongful termination in violation of public policy fails. *See Tumblin v. USA Waste of California, Inc.*, 2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016). Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim for wrongful termination in violation of public policy, with leave to amend.

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against him "by terminating his employment on account of such protected activities as being an African American over the age of 40." (ECF No. 14 ¶ 77.) To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

The "activities" Plaintiff labels as protected activities, "being an African American over the age of 40," are not protected activities as defined by § 12940(h), such as opposing practices

forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. CAL. GOV'T CODE § 12940(h). In asserting Defendant fired him for "being an African American over the age of 40," Plaintiff asserts claims for discrimination, not retaliation under FEHA.

Plaintiff claims that *after* Defendant fired him on March 26, 2015, he reported concerns of workplace discrimination to Defendant in three ways, a letter he wrote to Defendant on March 27, 2015, an administrative complaint he filed on July 13, 2016, and the instant suit he filed on January 1, 2017. (ECF No. 1 at 1; ECF No. 14 ¶¶ 9, 36.) Plaintiff has not alleged he engaged in any protected activity before Defendant fired him, however, and he has not cited any authority to support a retaliation claim when the claimed retaliation took place prior to the protected activity. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim without leave to amend. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.").

### D. <u>Failure to Prevent Discrimination</u>

Plaintiff alleges Defendant violated public policy by "terminating Plaintiff's employment on account of his protected characteristics, including his race and age." (ECF No. 14 ¶ 87.) FEHA's Section 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination").

As discussed above, Plaintiff has not alleged sufficient facts to state a claim for discrimination based on race and age, so Plaintiff's derivative claim for failure to prevent discrimination fails. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination with leave to amend.

///

///

11

E. <u>Intentional Infliction of Emotional Distress</u>

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics but wrongfully terminated his employment, failed to investigate his claims, and attempted "to disguise systematic targeting of discrimination and wrongful termination against Plaintiff and other minority employees." (ECF No. 14 ¶¶ 97–99.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.*, 46 Cal. App. 4th 55, 80 (1996). Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant wrongfully terminated him based on his age, race, and protected classification. (ECF No. 14 ¶ 94.) The action Plaintiff alleges—making a firing decision—is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65. Plaintiff has not alleged any actions outside Defendant's personnel management activities. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress without leave to amend. *Telesaurus VPC, LLC*, 623 F.3d at 1003.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS, without leave to amend, Defendant's Motion to Dismiss Plaintiff's claims for retaliation and intentional infliction of emotional distress and GRANTS, with leave to amend, Defendant's Motion to Dismiss Plaintiff's claims for discrimination based on race and age, wrongful termination, and failure to prevent discrimination, (ECF No. 15).

IT IS SO ORDERED.

Dated: October 3, 2018

Troy L. Nunley
United States District Judge